CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

AUG 0 8 2008

JOHN F CORCORAN, CLERK
BY: K BOHON
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |

UNITED STATES OF AMERICA )
)
*Plaintiff,* )
)          CASE No.  5:08cr00007-1
v. )
)          **REPORT AND**
)          **RECOMMENDATION**
MICHAEL WINFIELD PORTCH, )
)          By:   Hon. James G. Welsh
*Defendant,* )                U.S. States Magistrate Judge
)

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

The Grand Jury previously returned a multi-count Indictment charging this defendant in Count One with conspiracy to distribute one hundred kilograms or more of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), all in violation of Title 21, United States Code, Section 846; in Count Two with the knowing and intentional possession of a substance containing marijuana, a Schedule I controlled substance, on or about August 14, 2007 with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); in Count Three with being an unlawful user of, and addicted to, a controlled substance, as defined in 21 U.S.C. § 802, on or about August 14, 2007 and with knowingly possessing, and aiding

or abetting the possession, of multiple enumerated firearms, in violation of Title 18, United States Code, Sections 922(g)(3) and 924(a)(2); and in Count Four with the knowing possession of a firearm on or about August 14, 2007 in furtherance of a drug trafficking crime described in Count Two, in violation of Title 18, United States Code, Section 924(c)(1)(A). The defendant had been previously arraigned and entered pleas of Not Guilty to each of these charges.

The Rule 11 plea hearing was conducted before the undersigned on August 4, 2008. The defendant was present at all times in person and with his counsel, Andrea S. L. Harris, Assistant Federal Public Defender. The United States was represented by Jeb T. Terrien and Ryan L. Souders, Assistant United States Attorneys. The proceedings were recorded by a court reporter. *See* Rule 11(g). After the undersigned made a Rule 11 inquiry and the government presented evidence by oral proffer for the purpose of establishing an independent basis for the pleas, the defendant entered a plea of guilty to Count One and a plea of Guilty to Count Four of the Indictment, and the government agreed to dismiss the remaining Indictment counts against the defendant upon acceptance of his guilty pleas to Counts One and Four.

### A. DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

At this hearing, the defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he understood that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement given by him under oath. *See* Rule 11(b)(1)(A).

2

The defendant testified to the following personal facts: his full legal name is Michael Winfield Portch; he is forty-seven (47) years of age; he completed the eleventh grade in school; he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceedings; he was using no alcoholic beverage, medication or drug which might impair his ability to understand and participate fully in the proceedings; his mind was clear, and he understood that he was in court for the purpose of entering a pleas of guilty which he could not later withdraw. The defendant's attorney represented to the court that she had no reservations about the defendant's competency to change his plea and to enter pleas of guilty pursuant to the terms of the written plea agreement.

The defendant testified that he had received a copy of the indictment, that he discussed the charges in detail with his attorney, that he understood each of the charges against him, that he understood each charge to be a felony, that he had been given adequate time to prepare any defenses he might have to the charges, that he was fully satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter pleas of guilty to two of the charges against him.

The attorney for the government informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement. The government's understanding of the plea agreement was then stated in some detail, including the agreement for the defendant to plead guilty to Counts One and Four of the Indictment [¶ 1]; the defendant's express acknowledgment of the five (5) year mandatory minimum penalty which the court would be required to impose if his plea of guilty is

3

accepted to Count One, his express acknowledgment of the five (5) year mandatory minimum penalty which the court would be required to impose if his plea of guilty is accepted to Count Four, his express acknowledgment of the applicable maximum statutory penalties for violation of 21 U.S.C. § 846 (Count One) and 21 U.S.C. § 924(c) (Count Four), and his express acknowledgment that his assets were subject to forfeiture, *inter alia* pursuant to the forfeiture allegations in the Indictment and pursuant to a collateral state court forfeiture proceeding [¶¶ 1 and 15]; the government's agreement to dismiss Counts Two and Three of the Indictment upon acceptance of the defendant's plea of guilty to Counts One and Four of the Indictment [¶ 2]; the parties' agreement to be bound by the court's factual determination of drug weight for purposes of Guideline sections 2D1.1 and 1B1.3 [¶ 3]; the terms of the agreement's acceptance of responsibility provision [1] [¶ 4], the defendant's obligation to pay a mandatory $200.00 assessment [¶ 5], the sentencing recommendation provision [¶ 6]; the agreement's terms pertaining to any evidence proffer [¶ 7]; the agreement's substantial assistance provision [¶ 14]; the defendant's waiver of his right to appeal any sentence and waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ 8]; the defendant's waiver of any right to access any records or information pertaining to the investigation or prosecution of this matter [¶ 9]; the defendant's statute of limitations waiver [¶ 12]; the defendant's consent to the abandonment of any seized contraband or other personalty [¶ 11]; the terms of the agreement's forfeiture provision [¶ 15], and the substance of the agreement's other terms [¶¶ 10, 13, 16-20].

---

[1] Counsel for the government represented that the defendant had complied with all preconditions applicable to this provision of the plea agreement.

4

After which, the defendant was again addressed in open court, and he stated his understanding to be the same as that set forth by the government's attorney. Counsel for the defendant also represented that her understanding of the plea agreement was the same as that set forth by the government's attorney, and she further represented that she had reviewed each of the terms of the plea agreement with her client and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in the case. The plea agreement was then received, filed and made a part of the record, and the undersigned noted for the record that the written Plea Agreement constituted the best statement of its terms, and as such it "speaks for itself."

The defendant testified that he understood and acknowledged that he was proposing to plead guilty to the felonious participation in a conspiracy to distribute one hundred kilograms or more of marijuana in violation of 21 U.S.C. § 846 and the felonious possession of a firearm in furtherance of a drug offense in violation of 21 U.S.C. § 924(c). *See* Rule 11(b)(1)(G). After the attorney for the government restated the maximum possible penalty provided by law for the offenses charged Counts One and Four of the Indictment, the defendant expressly acknowledged that he understood the maximum possible penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for forty (40) years and a $2,000,000.00 fine and that he understood the maximum possible penalty provided by law for conviction of the felony set forth

5

in Count Four of the Indictment to be confinement in a Federal penitentiary for the remainder of his live and a $250,000.00 fine. *See* Rule 11(b)(1)(H). Likewise, after the attorney for the government restated the mandatory minimum penalties provided by law for the offenses charged Counts One and Four of the Indictment, the defendant expressly acknowledged that he understood the mandatory minimum penalty provided by law for conviction of the felony set forth in Count One of the Indictment to be confinement in a Federal penitentiary for five (5) years and that he understood the mandatory minimum penalty provided by law for conviction of the felony set forth in Count Four of the Indictment to be confinement in a Federal penitentiary for five (5) years.[2] *See* Rule 11(b)(1)(I).

The defendant again testified that he fully understood the charges to which he proposed to plead guilty; he knew they were felonies; he knew and understood both the mandatory minimum and maximum penalty for each, and he knew that he would be required to pay a mandatory $200.00 special assessment upon conviction. He acknowledged that he understood that his guilty pleas, if accepted, would result in his being adjudged guilty of both offenses, which may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant testified that he and his attorney: had talked about how the Sentencing Commission Guidelines might apply to his case, including the obligation of the court to consider these Guidelines and the court's discretion to depart from them under certain circumstances and in accordance

---

[2] The defendant was informed that he could be sentenced to less than five years imprisonment only if the government makes a motion pursuant to 18 U.S.C. § 3553(e) on his behalf.

6

with applicable decisions of Federal appellate courts. *See* Rule 11(b)(1)(M); and *United States v. Booker*, 543 U.S. 220 (2005). He stated that he understood that the court will not be able to determine the sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offenses; the defendant's history and characteristics; any congressionally established objectives of sentencing, the need to protect the public, the need for any sentence which might be imposed to reflect the seriousness of the offense, the need to promote respect for the law, the need to provide for a just punishment, the need to afford adequate deterrence, the need to protect the public, any need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution.

He acknowledged that he understood that the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. See Rule 11(b)(1)(J)–(K). He stated that he also knew he would be required to pay the mandatory Two Hundred Dollar ($200.00) special assessment. *See* Rule 11(b)(1)(L).

7

The defendant expressly acknowledged that, by pleading guilty to Counts One and Four, he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged therein, including those related to sentencing. He, likewise, expressly acknowledged that pursuant to the express terms of the plea agreement he was waiving his right to appeal his conviction, his right to appeal any guideline sentencing issues, his right to appeal any sentence of the court within the guideline range on the ground that the sentence is unreasonable, and his right to challenge his conviction and/or sentence in any post-conviction proceeding.

Each of the defendant's procedural rights surrendered on a plea of guilty was also explained, including: his right to persist in his previous pleas of not guilty to the offenses charged against him; his attendant right to a trial by jury and right to be represented and to have the assistance of counsel at trial and at every other stage of the proceeding; his right at trail to see, to hear, to confront and to have cross-examined all adverse witnesses; his right to be protected from compelled self-incrimination; his right to testify and to present evidence in his defense; his right to the issuance of subpoenas, or compulsory process, to compel the attendance of witnesses to testify in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; the right on his part to decline to testify unless he voluntarily elected to do so in his own defense; and his right to have a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E).

The defendant testified that he understood his right to persist in his plea of not guilty and the attendant rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F). He stated that he understood by entering guilty pleas to these two offenses there would be no trial and, if accepted, there

8

would be only one more hearing where the presiding district judge would determine whether there was a factual basis for his pleas and what sentence to impose.

He acknowledged that he knew his entry of a guilty plea constituted an admission of all of the elements of a formal felony charge. He acknowledged that he knew, irrespective of any sentence imposed by the court, he would have no right to withdraw his pleas of guilty, that he knew parole had been abolished, that he knew he would not be released on parole, that he knew any sentence of incarceration would include a period of "supervised release," and that he knew any violation of the terms or conditions of "supervised release," which typically would last from one to five years in his case, could result in his being returned to prison for an additional period of time.

The defendant further testified that he was pleading guilty because he was in fact guilty of the crimes charged Counts One and Four of the Indictment.

To permit the court to determine that a factual basis exists for the plea, counsel for the government submitted by oral proffer an outline of the government's case. After which, both the defendant and his counsel confirmed the accuracy of the facts relevant to the offense set forth by the government in its evidentiary proffer. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and that he still desired to plead guilty, the defendant consulted with his attorney and made a knowing and voluntary waiver of the reading of the charges. Asked how he wished to plead to the charge against him in Count

One of the Indictment, the defendant entered a plea of GUILTY. Asked how he wished to plead to the charge against him in Count Four of the Indictment, the defendant entered a plea of GUILTY. The clerk then read the written guilty plea form to the defendant. After acknowledging it to be correct, the defendant executed the document, and it was filed and made a part of the record.

After entering his pleas of guilty as aforesaid and after an independent basis for the pleas had been established, the defendant was informed that the undersigned would recommend acceptance of his pleas. He then reconfirmed that his decision to plead guilty was fully voluntary and that it did not result from any promises of leniency or inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant reiterated his full satisfaction with the assistance of his attorney and noted that she was 'very competent." The defendant also "apologized for [his] actions" and for the attendant "embarrass[ment] to [his] family, community, and state."

Pending acceptance of his pleas of guilty and preparation of the presentence report, the defendant's bond was continued on the same terms and conditions.

## B.  GOVERNMENT'S EVIDENCE

At trial the government was prepared to present witness testimony to show that on August 14, 2007 arrangements were made through a confidential informant to purchase of 1/4 lb. of marijuana from the defendant. The informant was instructed by the defendant to meet him at the Sheetz gas station in Fishersville, Va. Upon arriving at the station, the defendant was detained, and a search of his vehicle

10

resulted in the seizure of approximately 2 1/4 lbs. of marijuana and the recovery of a Ruger .40 cal. pistol which was under the driver's seat. In addition, approximately $1,500.00 was taken from the defendant's person. The defendant admitted to officers that it was his marijuana and that he carried the pistol to protect himself, his drugs, and his money. He also admitted to having approximately ten (10) lbs. of marijuana in a vehicle parked at his home, approximately another 1 lb. of marijuana in an outbuilding and additional firearms.

A search the following day of the defendant's residence, pursuant to a search warrant, resulted in the recovery of approximately ten (10) lbs. of marijuana from the trunk a vehicle and approximately another 1 lb. from the outbuilding, along with digital scales , a small amount of methamphetamine and smoking devices. Multiple firearms were also recovered. The marijuana content and relevant weights of the seized drugs was confirmed by laboratory analysis, and the Ruger pistol met the definition of a "firearm" as the term is used in 18 U.S.C. § 921(a)(3) and had previously moved in interstate commerce.

Additional witness testimony would show that the defendant had been distributing marijuana for many years, that it had been the family's source of income for approximately twelve (12) years, that the defendant's wife acted with the defendant in this illegal activity; however, the defendant was the primary actor in the conspiracy; his wife played a much less significant role; she seldom dealt with customers, and when she did, it was at the defendant's express direction. Additional testimony would show that the conspiracy existed from approximately January 2003 and August 2007, that during this time at least 100 kilograms of marijuana was distributed, that the defendant regularly carried a firearm

11

during drug transactions, and that one witness would admit to purchasing approximately one hundred (100) lbs. of marijuana from the defendant over the life of the conspiracy

## C. FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering informed pleas of guilty;

2. The defendant is fully aware of the nature of the charges and the consequences of his pleas;

3. The defendant is fully informed, and he understands, the applicable items enumerated in Rule 11(b)(1)(A)–(N);

4. Before entering his pleas, the defendant and the government reached a written plea agreement which provides, *inter alia*, for the government to dismiss Counts Two and Three of the Indictment upon acceptance of the defendant's pleas of guilty to Counts One and Four;

5. Defendant's entry into the plea agreement and his tender of pleas of guilty to Counts One and Four were all made with the advice and assistance of counsel;

6. The defendant's entry of a plea of guilty to Count One was make with his full knowledge and understanding both of the nature of the offense and the full range of punishment which might be imposed, including the mandatory minimum sentence and the mandatory special assessment;

7. The defendant's entry of a plea of guilty to Count Four was make with his full knowledge and understanding both of the nature of the offense and the full range of punishment which might be imposed, including the mandatory minimum sentence and the mandatory special assessment;

8.   The defendant's pleas of guilty are fully voluntary and did not result from any force, threats, or promises other the promises expressly set forth in the written plea agreement;

9.   The plea agreement complies with the requirements of Rule 11(c)(1); and

10.  The evidence presents an independent basis in fact containing each essential element of both offenses to which the defendant is pleading guilty.

## D.   RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's pleas of guilty to Counts One and Four of the Indictment, that the defendant be ADJUDGED GUILTY of both said offenses, that a sentencing hearing be scheduled before the presiding district judge on October 17, 2008 at 2:00 p.m. and that the government's motion to dismiss Counts Two and Three be granted.

## E.   NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The

13

presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely file written objections to these proposed findings and recommendations within ten (10) days could waive appellate review. At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The clerk is directed to transmit copy of this Report and Recommendation to all counsel of record.

DATED: 6th day of August 2008.

_____ /s/ _James G. Welsh_____
United States Magistrate Judge